IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| JEFFREY T. MEIER, | ) | |
| | ) | |
| Plaintiff, | ) | CV-09-31-GF-SEH-RKS |
| | ) | |
| vs. | ) | |
| | ) | **FINDINGS AND** |
| MICHAEL J. ASTRUE, | ) | **RECOMMENDATIONS OF** |
| COMMISSIONER OF SOCIAL | ) | **MAGISTRATE JUDGE** |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Plaintiff, Mr. Jeffrey T. Meier ("Mr. Meier"), instituted this action to obtain judicial review of the decision of Defendant, Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.

Jurisdiction vests with this Court pursuant to 42 U.S.C. § 405(g). The case was referred to the undersigned to issue Findings and Recommendations by order of the Honorable Sam E. Haddon. (C.D. 7.) Venue is proper.

Now pending are the parties' cross motions for summary judgment. (C.D. 11 & 14.) The motions are fully briefed and submitted.

I. PROCEDURAL BACKGROUND

Mr. Meier filed for DIB on January 21, 2006, alleging a disability onset date of November 16, 2001. Tr. at 108. His claim was denied initially on June 8, 2006, and again after a request for reconsideration, on November 27, 2006. Id. at 105-107, 101-102. Mr. Meier timely requested a hearing on November 27, 2006. Id. at 97. The hearing was held October 24, 2007. Id. at 519-568.

The Administrative Law Judge's ("ALJ") decision was issued on December 7, 2007. Id. at 67-87. The Appeals Council denied review on March 6, 2009, id. at 5-9, making the ALJ's December 7, 2007 findings the

Commissioner's final decision for purposes of judicial review. 20 C.F.R. § 416.1481.

## II. STANDARD OF REVIEW

Review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).

The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing

Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). While this Court may not substitute its findings for those of the Commissioner, Palmer v. Celebrezza, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

### III.    BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)). If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated. Id. at 946. At step one, the claimant must show he is not currently engaged in substantial gainful activity. Id. At step two, the claimant must demonstrate that he has a severe impairment. Id. At step three, the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. Id. If that case is made, at step five the burden shifts to the Commissioner to prove the claimant can engage in other types of substantial gainful work existing in the national economy given

the claimant's age, education, work experience and residual functional capacity ("RFC").  <u>Jones</u>, 760 F.2d at 995.

## IV. DISCUSSION

The ALJ found Mr. Meier was not disabled during the relevant period for the purposes of Social Security because despite Mr. Meier's limitations, his RFC allowed him to perform his past work.  Tr. at 86.

Mr. Meier argues the ALJ erred when he 1) disregarded the opinions of Mr. Meier's treating physicians, 2) disregarded medical evidence, 3) found Mr. Meier not entirely credible, and 4) relied on an unsupported hypothetical during the vocational expert's testimony.  Pltf.'s br. at 8, 21-22.  The Commissioner argues that substantial evidence supports all the ALJ's determinations.

### A.  Treating Physician Opinions

Mr. Meier argues the ALJ did not provide specific and legitimate reasons for "his decision to ignore the opinions of Jeff's treating physicians regarding his physical and mental limitations."  Pltf.'s br. at 12.

The ALJ did not give controlling weight to the opinion of Dr. Margaris, who found Mr. Meier could not work for a full 8 hour day in his past or similar occupations. Tr. at 437.

An ALJ may only disregard the uncontradicted opinion of a treating physician by providing clear and convincing reasons for doing so. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (citations omitted). If contradicted, an opinion may be properly discounted only by providing specific and legitimate reasons supported by substantial evidence in the record. Id. The applicable standard in this case is specific and legitimate reasons. Pltf.'s br. at 12, Def.'s br. at 11.

The ALJ gave specific and legitimate reasons for discounting Dr. Margaris's opinion. Dr. Margaris's finding was not supported by his medical records and the record as a whole, which showed Mr. Meier worked at his car wash, shoveled snow, hunted, and drove his car. Tr. at 85,122, 229, 328, 335, 363, 382-383, 385, 399-403-, 405, 520-521; see Tommasetti v. Astrue, 533

F.3d 1035, 1041 (9th Cir. 2008). Further, the ALJ noted that Mr. Meier continued to perform activities his medical providers advised against. Tr. at 85-86, 383. Finally, Dr. Margaris did not test Mr. Meier's functional abilities when he provided the opinion. Tr. at 85, 37. These are all specific and legitimate reasons for discounting Dr. Margaris's opinion. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004)(ALJ may discredit a treating physicians opinion that is conclusory, brief, and unsupported by the record as a whole, or unsupported by objective medical findings).

The ALJ did not have Dr. VanGilder's May 2008 letter, in which he states Mr. Meier can only work two hours a day, and can lift about 10-15 pounds. However, this opinion is less persuasive, as it post-dates Mr. Meier's insured date (September 30, 2006) by over one year, and related to the current time period (May 2008). See Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). There was no error regarding

Dr. VanGilder's May 2008 letter.

The ALJ did not err in discounting Dr. Margaris's opinion, nor Dr. VanGilder's opinion.

### B.  Medical Evidence

Mr. Meier argues the ALJ ignored evidence of his depression, nerve root impingement, and his cervical conditions.  Pltf.'s br. at 8.

#### 1.  Depression

The ALJ did not ignore evidence of depression. He addressed it specifically in his findings, tr. at 73, and found there was no medically determinable severe impairment related to depression.  Further, Mr. Meier's counsel stated at the hearing that he made the decision "not to suggest that that [depression] was an area of limitations because we don't have medical records."  Tr. at 559.  The ALJ did not err.

#### 2.  Nerve Root Impingement and Cervical Conditions

The ALJ did not err in not including as a severe impairment nerve root impingement.  First, the finding of a severe impairment is a threshold

determination. The ALJ found Mr. Meier's cervical conditions were severe, referring to them broadly. Tr. at 72. Second, the record contains evidence of both impingement, tr. at 42, 54-55, 251-252, 496-497, and lack of impingement, tr. at 18, 191-192, 324-325, 249-254. If the "evidence is susceptible to more than one rational interpretation" the ALJ decision must be upheld. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997). The ALJ's finding must be upheld.

### C. Mr. Meier's Credibility

Mr. Meier argues the ALJ erred in finding him not entirely credible regarding his limitation testimony. Pltf.'s br. at 18.

To assess a claimant's credibility, the ALJ may consider ordinary credibility evaluation techniques, unexplained or inadequately explained failure to seek or follow treatment, and the claimant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). However, "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines

the claimant's complaint." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (quoting Lester, 81 F.3d at 834).

An ALJ may take the lack of objective medical evidence into consideration when assessing credibility. Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004). Inconsistencies in testimony may also be factored in such an assessment. Orn v. Astrue, 495 F.3d 625, 636 (9th Cir. 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).

The ALJ must also consider the factors set forth in SSR 88-13 including:

    A.    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

    B.    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

    C.    Type, dosage, effectiveness, and adverse side-effects of any pain medication;

    D.    Treatment, other than medication, for relief

>    of pain;

E.   Functional restrictions; and

F.   The Claimant's daily activities.

SSR 88-13; 20 C.F.R. § 416.929©.

If, after engaging in this analysis, the ALJ rejects a claimant's subjective testimony of the severity of symptoms, he must cite specific, clear and convincing reasons for doing so. Smolen, at 1283-84 (citing Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ provided clear and convincing reasons for finding Mr. Meier not entirely credible. Mr. Meier testified he was disabled due to neck, back, and hip pain, yet he continued to operate his car wash business and fireworks stand. Tr. at 122, 328, 335, 399, 520-521. The duties at his car wash were quite strenuous, including lifting up to 50 pounds, shoveling snow, and working on ladders. Tr. at 405, 293, 538. Further, Mr. Meier performed other activities that undermine his testimony that he was disabled, such as digging trenches, installing

flooring, working overhead, removing sheetrock, building a garage, and hunting. Tr. at 229, 383, 399-403, 405. The ALJ found these activities inconsistent with Mr. Meier's testimony. Tr. at 82. Further the ALJ found Mr. Meier's testimony inconsistent with the record. Tr. at 81-84; Bray v. Astrue, 554 F.3d 1219, 1127 (9 th Cir. 2009). These are all clear and convincing reasons which support the ALJ's credibility determination; the ALJ did not err.

**D. Vocational Consultant**

Finally, Mr. Meier argues the ALJ erred by accepting the vocational expert's ("VE") testimony that Mr. Meier could perform his past work the way it is actually and generally performed. He argues the only hypothetical which included all his limitations precluded full-time work. Pltf.'s br. at 21-22.

Mr. Meier's argument here is premised on error in the ALJ's previous findings. Having found none, supra, this argument fails. The ALJ found Mr. Meier could perform several past relevant jobs as they are generally performed, not as Mr. Meier preformed them.

Tr. at 86-87, SSR 82-62.  This was not in error.  Id.

## V. CONCLUSION

The ALJ did not err as a matter of law and his conclusions are supported by substantial evidence.

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Mr. Meier's Motion for Summary Judgment (C.D. 11) should be **DENIED**;
2. the Commissioner's Motion for Summary Judgment (C.D. 14) should be **GRANTED**.

## VI. NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The

district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 3rd day of December, 2009.

>/s/ Keith Strong
Keith Strong
United States Magistrate Judge